UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 05-157 RHK/AJB

           Plaintiff,

v.                                                            **REPORT AND RECOMMENDATION**

ERICKA JANE CANTU,

           Defendant.

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Craig E. Cascarano, Esq., for the defendant, Ericka Jane Cantu.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on June 21, 2005, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.  The Court issued an Order on Motions dated June 22, 2005, reserving defendant Ericka Jane Cantu's Motion to Suppress Evidence Obtained Through Illegal Search [Docket No. 19] for submission to the District Court on report and recommendation.

Based upon the file and documents contained therein, along with an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

On April 23, 2005, Renville County District Court Judge Paul Nelson issued a warrant to search a particularly described residential location in Olivia, Minnesota.  (Hearing Exh. No. 1), further identified in the supporting affidavit as the residence of defendant Ericka Jane Cantu.  The

search warrant identified the objects of the warrant as controlled substances, including methamphetamine; drug paraphernalia and items used in the consumption, manufacturing, and distribution of controlled substances; records and materials, written or electronic, relating to drug possession and distribution; items and valuables representing profits from drug sales; receipts and documents relating to the sale of drugs, and records and materials showing constructive possession of the premises.   The warrant was issued on the basis of probable cause contained in the Affidavit of Meeker County Sheriff's Deputy Brian Cruze, including controlled drug buy evidence, information obtained from cooperating defendants, confidential informant reports, surveillance information, and evidence obtained in a vehicle stop.  The warrant authorized a nighttime search based upon the need to prevent destruction or removal of evidence.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Evidence seized pursuant to a warrant to search the particularly described residence in Olivia, Minnesota, (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Ericka Jane Cantu.  The residence search warrant was issued on April 23, 2005, and was based upon sufficient probable cause as stated in the Affidavit of Deputy Brian Cruze and as determined by Renville County District Court Judge Paul Nelson.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Ericka Jane Cantu's Motion to Suppress Evidence Obtained Through Illegal Search be **denied** [Docket No. 19].

Dated:     June 22, 2005

                                              s/ Arthur J. Boylan
                                              Arthur J. Boylan
                                              United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 7, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.