UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

            Crim. No. 05-157 (RHK/AJB)
            Civ. No. 06-4549 (RHK)
            **MEMORANDUM OPINION AND**
            **ORDER**

v.

Ericka Jane Cantu,

       Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Ericka Jane Cantu, Defendant *pro se*, Danbury, Connecticut.

  This matter is before the Court on Defendant Ericka Jane Cantu's Motion pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the Motion.

**BACKGROUND**

  On September 6, 2005, pursuant to a Plea Agreement with the Government, Cantu pleaded guilty to Count 1 of an Indictment charging her with conspiring to distribute and possessing with intent to distribute 500 or more grams of a mixture containing methamphetamine. The Sentencing-Guideline range anticipated in the Plea Agreement was 188 to 235 months' imprisonment; however, Cantu acknowledged that the charge carried with it a statutory mandatory-minimum penalty of 120 months' imprisonment. (Plea Agmt. ¶¶ 2, 12.) During her plea colloquy, Cantu also stated that she understood that she faced a

sentence of at least 120 months' imprisonment. (Transcript of September 6, 2005 Change of Plea ("Plea Tr.") at 8-9, 20-24.)

As part of her Plea Agreement, Cantu agreed to cooperate with the Government, hopeful that the Government would file a downward-departure motion under 18 U.S.C. § 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines.[1] In her Plea Agreement, however, Cantu acknowledged that the filing of such a motion was at the sole discretion of the Government, based on whether it concluded, in good faith, that Cantu had "substantially assisted" it in prosecuting other individuals. (Plea Agreement ¶ 5; see also Plea Tr. at 21-23.) The Court specifically advised Cantu during her plea colloquy that the decision to file such a motion rested entirely with the Government and that the matter was unreviewable by the Court in the event the Government declined to do so, unless that decision was based on some unconstitutional ground. (Plea Tr. at 21-22.)

Finally, Cantu's Plea Agreement contained an appeal waiver in which Cantu expressly agreed to "waive[] all rights . . . to appeal *either directly or collaterally*, [her] sentence on any ground, unless the sentence exceeds the high end of the sentencing range" set forth in the Plea Agreement. (Plea Agreement ¶ 17 (emphasis added).)

After the Court accepted Cantu's guilty plea, she met with the Government on

---

[1] Section 3553(e) provides, in pertinent part, that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 5K1.1, among other things, sets forth the relevant factors a court should consider when imposing a sentence in such circumstances.

several occasions. The Government ultimately concluded that although Cantu had cooperated with it, she did not provide it with substantial assistance and, accordingly, it did not file a downward-departure motion. (Transcript of March 2, 2006 Sentencing ("Sent. Tr.") at 8-11.)

At sentencing, Cantu's counsel argued that the Court should sentence Cantu below the Guideline range – which the Court had calculated at 168 to 210 months – and impose a sentence equal to the mandatory minimum. (Id. at 13-14 ("it is my respectful position that the sentence of 120 months is not only reasonable, but warranted").)[2] The Court agreed with counsel's argument and sentenced Cantu to the mandatory-minimum term of imprisonment of 120 months – i.e., 48 months below the bottom of the Guideline range. (Id. at 18-19.)

Cantu has now filed a Motion to Vacate or Correct her Sentence pursuant to 28 U.S.C. § 2255. Although the precise contours of her arguments are not entirely clear, Cantu appears to argue that (1) her counsel was ineffective because he promised Cantu that she would receive a specific sentence in return for her guilty plea and (2) the Government coerced her to plead guilty with the promise of a downward-departure motion, but it did not file such a motion even though she had fully cooperated with the Government. The

---

[2] The reason for the discrepancy between the sentencing-guideline range in the Plea Agreement (188 to 235 months) and that adopted by the Court at sentencing (168 to 210 months) is that, at sentencing, the Court concluded that the criminal-history category in the Plea Agreement (III) overstated Cantu's criminal history; the Court reduced it to level II before imposing sentence. (See Sent. Tr. at 6-8.)

Government responds by arguing that (1) Cantu waived her right to challenge her sentence in the Plea Agreement, (2) counsel was not ineffective, and (3) it did not coerce Cantu to plead guilty.

## DISCUSSION

**I.     The Court will not enforce the waiver provision in the Plea Agreement.**

The Government initially argues that Cantu's Motion should be denied because, in her Plea Agreement, she agreed to waive any collateral attack on her sentence.  (Mem. in Opp'n at 4-5.)  In support of its argument, the Government cites DeRoo v. United States, 223 F.3d 919 (8th Cir. 2000).  DeRoo, however, actually undermines the Government's argument.

In DeRoo, the defendant entered into a plea agreement, pursuant to which he agreed to waive any collateral attack on his sentence.  After the district court sentenced the defendant to 210 months' imprisonment, he filed a Section 2255 motion challenging the sentence and arguing that his counsel's ineffectiveness caused him to enter into the plea agreement.  The district court denied the motion based on the collateral-attack waiver.  On appeal, the Government argued for affirmance on the ground that the defendant had knowingly and voluntarily waived his right to collaterally attack his sentence.  The Court of Appeals rejected that argument:

> A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases.  Therefore, justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself – the very

> product of the alleged ineffectiveness. . . . A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive the defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel.

Id. at 923-24 (internal quotation marks, citations, and alterations omitted); accord Chesney v. United States, 367 F.3d 1055, 1058-60 (8th Cir. 2004). Cantu makes just such an argument here – she contends that she would not have entered into the Plea Agreement but for her counsel's ineffectiveness. Accordingly, the Court will not enforce the waiver in the Plea Agreement.

**II. Cantu's Motion fails on the merits.**

Turning to the merits of Cantu's Motion, she first argues that her counsel was ineffective because he promised that Cantu would receive a "specific sentence" by pleading guilty, but she nowhere specifies what that sentence allegedly was supposed to be. Such a conclusory allegation is insufficient to support relief under Section 2255. See, e.g., Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989).

In any event, the record belies Cantu's argument. At her plea colloquy, Cantu repeatedly admitted that there were no promises or agreements made with respect to her sentence, other than what was contained in the Plea Agreement. (See Plea Tr. at 8, 20.) Furthermore, even if the Court were to assume *arguendo* that counsel's performance was deficient because he made a promise to Cantu concerning her sentence, she cannot demonstrate that she was prejudiced by her purported reliance on that promise. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (ineffective assistance requires

5

showing of actual prejudice). The Court sentenced Cantu to the mandatory-minimum term of imprisonment required by statute, 120 months, and Cantu acknowledged on several occasions during her plea colloquy, and again in her Plea Agreement, that she was subject to that mandatory minimum term. (See Plea Tr. at 8-9, 20-24.) Any alleged promise to the contrary, therefore, contradicts both the record and Cantu's own representations to the Court.[3]

Cantu next argues that her guilty plea was coerced because the Government promised that it would make a downward-departure motion in return for her cooperation, but it failed to do so.[4] Yet, Cantu acknowledged before entering into the Plea Agreement that "it's entirely up to the Government whether or not to file [the downward-departure] motion" and that, if the Government concluded that Cantu had not provided substantial assistance and declined to file such a motion, its decision was "non-reviewable." (Plea. Tr. at 10.) Accordingly, Cantu cannot invoke an alleged "promise" by the Government to file a downward-departure motion in order to support her claim for relief here. Her corollary argument that she was "punished" by "fail[ing] to cooperate in a fashion that the

---

[3] To the extent that Cantu asserts any other deficiencies in her counsel's performance, her claim fails for the same reason: she cannot demonstrate any prejudice, insofar as she was sentenced only to the mandatory-minimum term of imprisonment. This is also true of Cantu's allegation that the Court improperly calculated her offense level when it added three points for Cantu's role in the offense; even if those three points had not been added, Cantu still would have been subject to a mandatory-minimum term of 120 months' imprisonment.

[4] As long as the Government's refusal to file such a motion was not "based on an unconstitutional motive," that decision is unreviewable by this Court. E.g., United States v. Moeller, 383 F.3d 710, 713 (8th Cir. 2004). Cantu nowhere argues that the Government harbored such an unconstitutional motive.

Government wishe[d]" (Motion at unnumbered page 6) likewise fails.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Cantu's Motion to Vacate or Correct Federal Sentence Under 28 U.S.C. § 2255 (Doc. No. 44 in Crim. No. 05-157; Doc. No. 1 in Civ. No. 06-4549) is **DENIED**.


Dated: August  22 , 2007                              s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge